UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **TRAVIS MCCOY, et al.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:11-CV-80 SNLJ |
| | ) | |
| **MARY SCHUBERT, et al.,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant William Schubert's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed August 25, 2011 (#24). Plaintiffs have responded, but defendant William Schubert has not replied, and the time for doing so has passed.

Plaintiffs Travis McCoy, Abadie Enterprises, LLC, and Craneinavan, LLC brought this action for personal injuries and property damage against the defendants Mary Schubert, William Schubert, and Financial Courier Services, Inc. in the Circuit Court of New Madrid County, Missouri. Defendant Financial Courier Services removed the matter to this Court under diversity jurisdiction.

This matter arises from a motor vehicle accident that occurred on February 18, 2006. On that day, plaintiff McCoy was operating a tractor trailer northbound on Interstate 55, and defendants Mary and William Schubert were driving a box truck in the same direction. Plaintiffs allege that defendants' vehicle spun out of control and collided with plaintiff McCoy, who had been traveling in front of the Schubert.

Defendant William Schubert has moved to dismiss because, he argues, defendant Mary Schubert has responded to the Complaint and confirmed that she — not William Schubert — was

driving the vehicle at the time of the accident.  Defendant William Schubert contends that, as a result, plaintiffs can not state a claim for which relief can be granted as to him, and that this matter should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  In addition, defendant William Schubert states that the statute of limitations has expired.

I.     **Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).  A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

"To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).  The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the  nonmoving party." *Cole*, 599 F.3d at 861 (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).  "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate."  *Benton v. Merrill Lynch*

*& Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).

Finally, because this is a diversity case, the Court applies federal procedural rules and Missouri substantive law. *Cole*, 599 F.3d at 861.

**II.     Discussion**

First, defendant William Schubert suggests that the plaintiffs fail to state a claim for which relief can be granted because his co-defendant has admitted that she was driving the truck that allegedly caused the accident. The plaintiffs had alleged that the "Schubert defendants" had been driving the vehicle at the time of the accident. Defendant William Schubert apparently believes that Mary Schubert's admission that she was driving extinguishes all possible claims against him.

Plaintiffs respond that they should be entitled to conduct discovery to determine whether William Schubert is liable to plaintiffs regardless of whether he was driving. Plaintiffs cite as one theory of liability the "joint enterprise doctrine," which states that "where two or more persons have a common purpose in driving an automobile, whether for business or pleasure, and its operation is under their joint control, the negligence of the driver is to be imputed to the other member or members of the joint enterprise." *Counts v. Thomas*, 63 S.W.2d 416, 419 (Mo. Ct. App. 1933). Plaintiffs allege they require discovery to determine whether this or other theories of liability may be applicable to William Schubert.

Accepting all the allegations in the complaint as true, and drawing all reasonable inferences in favor of the plaintiffs, defendant William Schubert has failed to demonstrate that plaintiffs' complaint includes some insuperable bar to relief as to him. Defendant William Schubert may revive his argument on summary judgment, but it is not appropriate for a motion to dismiss.

Second, with respect to the defendant's statute of limitations argument — to which defendant devotes one sentence in his one-page memorandum, and for which defendant provides no citation to or analysis of the applicable statute itself — that argument also fails. In Missouri, an individual has five years from the date of an injury to bring his claim against the alleged tortfeasor. § 516.120(4) RSMo (2002). The statute of limitations began running on February 18, 2006 — the date of the accident — and this matter was filed in state court on February 17, 2011. Thus, plaintiffs' lawsuit was filed within the five-year limitations period. Defendant William Schubert does not explain how plaintiffs' claim is barred by the statute of limitations, and this Court cannot conjure any such argument either. Thus, defendant William Schubert's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant William Schubert's Motion to Dismiss, filed August 25, 2011 (#24), is **DENIED.**

Dated this  8th  day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE