UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS MCCOY, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:11-CV-80 SNLJ |
| | ) | |
| MARY SCHUBERT, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

This matter is before the Court on defendant Financial Courier Services, Inc.'s Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed September 19, 2011 (#29).

Plaintiffs Travis McCoy, Abadie Enterprises, LLC, and Craneinavan, LLC, brought this action for personal injuries and property damage against the defendants Mary Schubert, William Schubert, and Financial Courier Services, Inc. in the Circuit Court of New Madrid County, Missouri. Defendant Financial Courier Services removed the matter to this Court under diversity jurisdiction.

This matter arises from a motor vehicle accident that occurred on February 18, 2006. On that day, plaintiff McCoy was operating a tractor trailer northbound on Interstate 55, and defendants Mary and William Schubert were driving a box truck in the same direction. Plaintiffs allege that defendants' vehicle spun out of control and collided with plaintiff McCoy, who had been traveling in front of the Schubert. Abadie is alleged to be the owner of the tractor, and Craneinavan is alleged to be the owner of the trailer.

Defendant Financial Courier Services, Inc. ("FCS") has moved to dismiss "Plaintiffs' Abadie Enterprises, LLC and Craneinavan, LLC's Petition." FCS states that Abadie and

Craneinavan's managing member, Robert Abadie, settled and released "these Plaintiffs' claims against FCS and Mary and William Schubert."  As a result, FCS argues, Abadie and Craneinavan fail to state a claim upon which relief can be granted.  FCS attaches to its Motion a (somewhat illegible) copy of the purported release.

**I.      Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).  "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).  The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the  nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).

**II.     Discussion**

Aside from citing to Rule 12(b)(6), FCS cites to no authority whatsoever in support of its motion.  FCS does not appear to have attached a memorandum in support of its motion.  None of the plaintiffs have responded.  With respect to whether the Court can consider the release on a motion to dismiss, courts may generally consider contract documents without converting the motion to a summary judgment motion pursuant to Federal Rule of Civil Procedure 12(d).  *Stahl v.. U.S. Dept. of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) (citing *In re K-tel Int'l, Inc. Sec. Litig.*,

300 F.3d 881, 889 (8th Cir. 2002); *Rosenblum v. Travelbyus.com. Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002)); see *also Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (permitting examination of documents "necessarily embraced by the pleadings"); *Stefanyshyn v. Shafer Contracting Co., Inc.*, No. Civ.05-0559, 2005 WL 1277806, at *1-2 (D. Minn. May 26, 2005) (dismissing a complaint based on release not attached to complaint).  A settlement and release agreement is a contract.  *Michalski v. Bank of Am.*, 66 F.3d 993, 996 (8th Cir. 1995).

Here, defendant FCS relies on and has attached to its motion a copy of the release that it says plaintiff Abadie and Craneinavan's managing member, Robert Abadie, signed.  The release states as follows:

> For the sole consideration of Ten Thousand and 00/100 dollars ($10,000), the receipt and sufficiency of which is hereby acknowledged, the undersigned hereby releases and forever discharges Enterprise Rent A Car Company of Tennessee, Financial Courier, Mary Ann Schubert, and Cambridge Integrated Services and the heirs, executors, administrators, agents and assigns and all other persons, firms or corporations liable, or who may [be] claimed to be liable none of whom admit liability to the undersigned, but all expressly deny any liability, from any and all claims, demands or suits of any [kind] on account of an resulting from the damage to property and downtime for use of the vehicle caused by an accident which occurred on or about the 18th of February 2006 at or near New madrid, MO.  This release expressly reserves all rights of the parties released to pursue their legal remedies, if any against [the] undersigned, his heirs, executors, agents and assigns.

(#29, Exhibit A (bracketed words indicate this Court's best guess as to the identity of illegible words).)  Thus, the release appears to release all defendants ("Financial Courier," "Mary Ann Schubert," and William Schubert as an "other person[]...who may [be] claimed to be liable" for the accident).

Even if the Court were required to convert FCS's motion to a motion for summary judgment pursuant to Rule 12(d) as a result of its consideration of the release, that rule only requires that the "parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Furthermore, the Eighth Circuit has held that "[c]onsideration of

3

matters outside the pleading is harmless where the nonmoving party had an adequate opportunity to respond to the motion and material facts were neither disputed nor missing from the record." *Van Zee v. Hanson*, 630 F.3d 1126, 1129 (8th Cir. 2011) (quoting *BJC Health Sys. v. Columbia Cas Co.*, 348 F.3d 685, 688 (8th Cir. 2003) (internal quotation omitted)).

Plaintiffs have been afforded ample time to respond, and no party disputes the existence or validity of the release.  As a result, the claims of plaintiffs Abadie and Craneinavan will be dismissed.

Dated this  9th  day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE