# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS MCCOY, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:11-CV-80 SNLJ |
| | ) | |
| MARY SCHUBERT, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

This matter is before the Court on the co-defendants' cross-motions for summary judgment against each other. (#85, #94.)

**I.      Factual Background**

The following facts are undisputed except where indicated.

Plaintiff Travis McCoy was in a motor vehicle accident with a truck operated by defendants Mary and William Schubert. The Schuberts were making a delivery for defendant Financial Courier Services, Inc. ("FCS"). Plaintiff sued both the Schuberts and FCS for personal injuries and other damages sustained in the accident. FCS was named as a defendant because, plaintiff argued, FCS was vicariously liable for the negligence of the Schuberts, who were alleged to be its agents or employees.

FCS filed a cross-claim against the Schuberts for indemnity, and FCS tendered a written demand upon the Schuberts that they assume the defense of plaintiff's claim and indemnify FCS for the same. The Schuberts denied FCS's written demand. FCS thereafter entered into a settlement agreement to settle the plaintiff's claim for $30,000. FCS amended its cross-claim

against the Schuberts seeking indemnification for the amount of the settlement plus attorneys' fees.

Before FCS settled with plaintiffs, it filed a motion for summary judgment against the plaintiff. FCS argued that it could not be vicariously liable for the Schuberts' negligence because, under Missouri law, a company was not liable for the torts of an independent contractor. FCS took the position that the Schuberts were independent contractors, and FCS supported its position with facts including that FCS paid the Schuberts by the mile for each delivery job, FCS had no right to control the Schuberts' work, FCS provided the Schuberts with Form 1099s for tax purposes, and the Schuberts had signed agreements stating that they understood they were "Independent Contractors" responsible for their own taxes and insurance.

The Schuberts have also settled with the plaintiffs. Thus, the only dispute remaining in this matter is whether the Schuberts owe indemnification and attorneys' fees to FCS. Both the Schuberts and FCS have filed motions for summary judgment.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). "The filing of cross-motions does not concede the absence of a triable issue of fact. The court is bound in such cases to deny both motions if it finds ... there is actually a genuine issue of material fact." *Jacobson v. Md. Cas. Co.*, 336 F.2d 72, 75 (8th Cir.1964); *see also Wright v. Keokuk Cnty. Health Ctr.*, 399 F. Supp. 2d 938, 946 (S.D. Iowa 2005). The Court therefore considers each motion separately. *Wright*, 399 F. Supp. 2d at 946.

The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). The parties agree that Missouri substantive law applies in this diversity case.

With these principles in mind, the Court turns to the discussion.

### III. Discussion

The Court will address each co-defendant's motion for summary judgment in turn.

#### A. FCS's Motion for Summary Judgment

FCS contends that, after the Schuberts denied FCS's demand for defense and indemnification, FCS was entitled to make a good faith settlement with plaintiffs and pursue indemnification.

"It has long been recognized that where an agent, acting within scope of his employment, subjects his principal to liability because of a negligent or other wrongful act, the agent is liable to principal for the loss which results therefrom." *SSM Health Care St. Louis v. Radiologic*

3

*Imaging Consultants, LLP*, 128 S.W.3d 534, 540 (Mo. App. E.D. 2003). A vicariously liable employer as well as its employee are tortfeasors within the meaning of §537.060 RSMo, which sets out provisions controlling partial settlements and releases among multiple parties. *See Aherron v. St. John's Mercy Med. Ctr.*, 713 S.W.2d 498, 501 (Mo. banc 1986). Section 537.060 states that a settlement agreement under these circumstances "shall discharge the tort-feasor to whom it is given from all liability for contribution or noncontractual indemnity to any other tort-feasor"; however, that statute states that such "noncontractual indemnity" does not include indemnity which comes about by reason of contract or vicarious liability. § 537.060 RSMo. Pursuant to that statute, FCS maintains that because its right to indemnity came about by reason of its "vicarious liability," Missouri law does not discharge the Schuberts' obligation to indemnify FCS merely because the Schuberts settled with the plaintiff.

But FCS may not set forth only that <u>it</u> settled with plaintiff (after demanding defense and indemnification) and that the Schuberts must reimburse FCS as a result. A party seeking indemnity must show that the settlement was in good faith and reasonable, and "the fact finder must also evaluate the good faith of the settling party by considering the probability that it would have been liable." *Union Elec. Co. v. Sw. Bell Tel. L.P.*, 378 F.3d 781, 789 (8th Cir. 2004) (citing *Burlington Northern, Inc. v. Hughes Bros., Inc.*, 671 F.2d 279, 283 (8th Cir. 1982)). FCS states that its $30,000 settlement was reasonable in light of the plaintiff's injuries. However, FCS does not show that it would have been liable to the plaintiffs. In fact, FCS contends that it need not prove its liability.

FCS relies upon *Burlington*, 671 F.2d at 283, for the proposition that "an indemnitee (FCS) need not prove its legal liability to the injured party (Plaintiff) when its indemnitor (the Schuberts) deny liability and refuses to assume defense of the claim or to otherwise hold the

4

indemnitee harmless for any loss." (#86 at 5, citing *Burlington N.*, 671 F.2d at 283). But *Burlington* specifically pertained to an indemnity contract: "When liability under an indemnity contract has been denied by the indemnitor, proof of actual legal liability to the injured party is not a requirement." *Id.*[1] Here, no party alleged or even suggests that any indemnity contract existed. Rather, the plaintiff based his complaint on his assumption that the Schuberts were employees of FCS. FCS does not allege that a contract exists.[2] FCS's indemnity argument must therefore be based on noncontractual indemnity, and FCS provides no facts of its own to support summary judgment in its favor. Its suggestion that it need not show its liability under the circumstances of this case — in which no indemnity contract exists — is mistaken. The Schuberts are protected from noncontractual indemnification claims by their settlement with plaintiff pursuant to § 537.060 RSMo. "Noncontractual indemnity" does not include indemnity coming about by contract or vicarious liability, but FCS has not set forth any evidence that a contract or vicarious liability existed here. FCS's motion for summary judgment therefore fails as a matter of law.

---

[1] The other cases FCS relies upon in this regard, *Missouri Pac. R. Co. v. Rental Storage & Transit Co.*, 524 S.W.2d 898, 909 (Mo. App. S.D. 1975), *Pilla v. Tom-Boy, Inc.*, 756 S.W.2d 638 (Mo. App. E.D. 1988), and *Monsanto Co. v. Gould Electronics, Inc.*, 965 S.W.2d 314, 316 (Mo. App. E.D. 1998), similarly relied upon contracts for indemnification.

[2] In fact, FCS's pleading alleges that the Schuberts "were independent contractors at the time of the accident, [so] [FCS] is entitled to indemnification for the claims made herein." (#72 at ¶ 6.) FCS's pleading is peculiar, however, because the law of Missouri is, again, that where an independent contractor causes injury, the liability of the other contracting party cannot flow from a theory of respondeat superior. *Greco v. ABC Transnational Corp.*, 623 F. Supp. 104, 105-06 (E.D. Mo. 1985; *see also Zueck v. Oppenheimer Gateway Properties, Inc.*, 809 S.W.2d 384 (Mo. banc 1991) ("one who contracts with an independent contractor is generally not liable for bodily harm caused by the torts of the contractor"); *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 33 F. Supp. 2d 820, 827 (W.D. Mo. 1998) ("Someone who hires an independent contractor generally is not held liable for the acts or omissions of the independent contractor.").

### B. The Schuberts' Motion for Summary Judgment

The Schuberts maintain that they were independent contractors — not agents — and that FCS was therefor not vicariously liable for the Schuberts' negligence, nor are the Schuberts liable for indemnification of FCS. *See, e.g.*, *Greco v. ABC Transnational Corp.*, 623 F. Supp. 104, 105-06 (E.D. Mo. 1985) ("Where a party acts as an independent contractor in undertaking the act giving rise to the injury alleged, liability of the other contracting party cannot flow from a theory of respondeat superior."). Indeed, as discussed above, § 537.060 RSMo protects the Schuberts from indemnification claims:

> The [settlement] agreement shall discharge the tort-feasor to whom it is given from all liability for contribution or noncontractual indemnity to any other tort-feasor. The term "noncontractual indemnity" as used in this section refers to indemnity between joint tort-feasors culpably negligent, having no legal relationship to each other and does not include indemnity which comes about by reason of contract, or by reason of vicarious liability.

§ 537.060 RSMo.

The Schuberts state that they are entitled to summary judgment on this matter because the undisputed facts demonstrate that vicarious liability does not exist: they were not employees of FCS, thus FCS was not vicariously liable for their negligence, and FCS cannot seek indemnification from them. The Schuberts contend that the matter of whether they were independent contractors is not in dispute because FCS admitted the Schuberts were independent contractors in summary judgment briefing.

Indeed, FCS stated in its summary judgment memorandum that "[b]ecause FCS did not have the right to control and did not exercise control over the manner and details of the Schuberts' work, under Missouri law, the Schuberts are independent contractors and FCS cannot be liable for their torts." (#59 at 12.) FCS also set forth numerous facts supporting that the

6

Schuberts were in fact independent contractors. The Schuberts contend that FCS cannot now argue that the Schuberts were FCS's employees and that vicarious liability therefore applied.

FCS denies that what it stated in its summary judgment papers is an admission. First, FCS states that its earlier characterization of the Schuberts as independent contractors is not binding because FCS was permitted to plead "in the alternative." That is, FCS states that it could label the Schuberts as independent contractors for the purpose of a defense on summary judgment and then state otherwise for the purpose of proceeding against the Schuberts for indemnity. Parties are permitted to plead "alternative statements of a claim or defense" under Federal Rule of Civil Procedure 8(d). FCS is not correct, however, that its motion for summary judgment qualified as a "pleading." Federal Rule of Civil Procedure 7(a) states that "Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Summary judgment motions are not pleadings. *See, e.g.*, *Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995) ("Rule 7 explicitly excludes everything else from its definition of pleadings.").

FCS has clearly taken the position that the Schuberts were independent contractors in this litigation. In addition, although neither party mentions it, FCS alleged that the Schuberts were independent contractors in its amended cross-claim. (#72 at ¶ 6.) (FCS also alleged the Schuberts were independent contractors in its original cross-claim (#46 at ¶ 3.).) Such statements in the pleadings are judicial admissions — "they are not a means of evidence, but a waiver of all controversy (so far as the opponent may desire to take advantage of them) and therefore a limitation of the issues." *Huber v. W. & S. Life Ins. Co. of Cincinnati, Ohio*, 341

7

S.W.2d 297, 300 (Mo. App. E.D. 1960).

Moreover, even if FCS had not alleged that the Schuberts were independent contractors, it represented to this Court, as the crux of its summary judgment motion, that the Schuberts' status as independent contractors was not in dispute. "If not made as a mere concession for the sake of argument, such statements [on summary judgment] are, after all, supposed to be the truth. If not, judicial proceedings at any stage are meaningless." *Americans United For Separation of Church & State v. Prison Fellowship Ministries*, 395 F. Supp. 2d 805, 809 (S.D. Iowa 2005).

FCS tries to avoid discussion of its admissions by changing the subject to its doomed tender-rejection-settlement argument. FCS insists that it was

> forced to resolve the claims against it, which [were] solely for the negligence of the Co-Defendants.... If Co-Defendants wanted to rest on the employment defense to the cross-claim, they could have accepted the tender, and litigated the same, however their refusal to do so allows FCS then to make a reasonable settlement of the claims against it and to pursue Co-Defendants for the same. Co-Defendants' choice to reject the tender was at their risk, not FCS's.

(#106 at 6-7.) Ultimately, however, FCS was always required to <u>prove</u> its indemnification claim, which in this case requires that it prove it was liable for the damages claim it settled. FCS argues that if the Schuberts prevail, "the refusal to accept a tender would always force a party to litigate the actual liability of the claims to ensure recovery." (*Id.* at 6.) If FCS had a contractual indemnity arrangement with the Schuberts, then it would have been entitled to tender its demand, settle with plaintiff, and then demand indemnity without proving liability. *See Burlington N.*, 671 F.2d at 283. But FCS did not have contractual indemnity, and the undisputed facts are that indemnity by reason of vicarious liability did not exist, either. The Schuberts are therefore protected by § 537.060 RSMo from FCS's claim of indemnification, and they are entitled to summary judgment.

## IV. Conclusion

Summary judgment will be denied to FCS. The Schuberts' motion for summary judgment will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Financial Courier Services, Inc.'s Motion for Summary Judgment (#85) is **DENIED**.

**IT IS FURTHER ORDERED** that Mary and William Schubert's Motion for Summary Judgment (#94) is **GRANTED**.

Dated this   24th   day of June, 2014.

                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE